THE STATE, THE JERSEY CITY GASLIGHT COMPANY, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

1.  The provisions of the tax law of 1866 (*Rev.*, *p.* 1156, ₴ 74,) providing for the taxation of corporations, are not repealed, either expressly or by implication, by section 105 of the Corporation act (*Rev.*, *p.* 196,) or the supplement thereto of 1878 (*Pamph. L.* 1878, *p.* 61.)
2.  The shares of stock of the Hudson County Gaslight Company, owned by the Jersey City Gaslight Company and held by it as a part of its assets, are not taxable.

In error to the Supreme Court.    For opinion of Supreme Court, see 16 *Vroom* 480.

For the plaintiff in error, *Vredenburgh & Garretson.*

For the defendants in error, *A. L. McDermott.*

The opinion of the court was delivered by   •

THE CHANCELLOR.    This suit is brought to test the validity of an assessment of tax made in Jersey City against the Jersey City Gaslight Company upon certain shares of the capital stock of the Hudson County Gaslight Company, owned by the former company and held by it as part of its assets. The stock was received by it as consideration for certain . property sold by it to the Hudson County Gaslight Company. That company is assessable under the law for all its property, and its capital stock is the representative of that

property. The Jersey City company's stock, therefore, was, in fact, when the assessment in question was made, taxable in the hands of the Hudson county company. The defendants, The Mayor and Aldermen of Jersey City, claim that, notwithstanding this fact, the Jersey City company is taxable in Jersey City for the stock. It is obvious that if this claim be allowed the stock is twice taxed, once in the hands of the company which issued it and again in the hands of the holder. The Jersey City Gaslight Company insists that under the provisions of the tax law of 1866 it is protected against assessment for the stock in its hands. That act provides (*Rev.*, *p.* 1156, § 74,) that all private corporations of this state, except banking institutions and those which, by virtue of any contract in their charters or other contracts with this state, are expressly exempted from taxation, and except mutual life insurance companies specially taxed, shall be assessed at the full amount of their capital stock paid in and accumulated surplus; and that the persons holding the capital stock shall not be assessed therefor. While on the one hand the prosecutor in this case claims the benefit of the last provision, the defendants on the other insist that the provision was repealed by the one hundred and fifth section of the act concerning corporations (*Rev.*, *p.* 196,) passed in 1875, which provides that all the real and personal estate of every corporation, with certain exceptions, in which gas companies are not included, thereafter incorporated by any act of the legislature or by the filing of a certificate or otherwise under any general law of this state, shall be taxed the same as the real and personal estate of an individual. The section was amended in 1878, but the amendment consisted merely of the elimination of the word "hereafter" from it. So that it thereafter applied to all corporations except those expressly excepted.

If the provision in question—the direction that the stockholders shall not be assessed for the stock—contained in the act of 1866 was repealed by the law of 1875, the repealer must have been by implication, for there was none in express terms. There is no repealer in or in connection with it, and

though the act of 1878 contains a repealing clause, it in terms extends only to all acts and parts of acts to which that act is a supplement, and it is a supplement not to the tax law but to the act concerning corporations.    But while those acts do not expressly repeal anything in the act of 1866, they, by implication, repeal so much of it as is inconsistent with them. And it is inconsistent with them to this extent and no more : it provides for assessing certain corporations for the full amount of their capital stock paid in and accumulated surplus, while they provide that those corporations shall be assessed for their real and personal estate like an individual.    The act of 1866 sometimes worked injustice to corporations by subjecting them to a tax on the full amount of their stock paid in, making no allowance for impairment of capital, and the design of the laws of 1875 and 1878 was to relieve against that hardship by establishing a fairer and better method of taxation by making the property of the corporation the subject of taxation instead of the capital stock or stock and surplus.    The intention was merely to substitute the one method for the other in taxing the corporation.    Unless this construction be adopted there will be double taxation—taxation of the property as such in the hands of the company and of the stock which represents it in the hands of the stockholders. While double taxation of the same property in different forms in different hands, if it be in accordance with statutory requirement, is not invalid merely because it is duplicate taxation, yet a construction of the law which would authorize such double assessment is not to be adopted unless it is required by the express terms of the statute or by necessary implication.    *Cooley on Taxation* 165.    In other words, the court will not, unless constrained to do so, hold that the legislature intended to impose such double burden.

Though the provision of the act of 1866, that the stockholders shall not be taxed for the stock, has been characterized as an exemption, it is not such in any sense.    It is merely a declaration of the intention of the legislature that the property of the corporation being taxable in the hands of the company

shall not be again taxed in the hands of the stockholders. A provision so manifestly just will not be held to be repealed unless the intention to repeal it is clearly apparent. It is neither expressly repealed nor is it repealed by implication, for it is not inconsistent with anything contained in the laws of 1875 and 1878. Moreover, it is in accord with the dictates of justice and sound public policy. The provision being still in force, the Jersey City company is entitled to its protection. The assessment in question was consequently unlawful and ought to be set aside. The judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DEPUE, DIXON, KNAPP, PARKER, VAN SYCKEL, CLEMENT, COLE, PATERSON, WHITAKER. 10.