CRABTREE, J. T. C.
Plaintiff seeks review of that portion of an assessment of the New Jersey Transfer Inheritance Tax Bureau subjecting the *492 commuted value of a survivor’s annuity to inheritance tax. The annuity was taxed as a transfer intended to take effect at or after decedent’s death within the purview of N.J.S.A. 54:34-l(c) and N.J.A.C. 18:26-5.19. The amount in controversy is $768. Defendant moves for summary judgment pursuant to R. 4:46-1.
The facts are undisputed and may briefly be stated.
Plaintiff is the widow of Erich Gritzmacher, who died intestate on February 28, 1978, a resident of Union, New Jersey. At his death decedent, a retired employee of Union Carbide Corporation, was the recipient of a pension from his former employer, funded by a group annuity contract issued by the Prudential Insurance Company of America. The pension was in the form of a joint and survivor annuity, calling, among other things, for payments to plaintiff of $263.78 a month upon the employee’s death, commencing the first day of the month following such death and continuing for the lifetime of the survivor. The commuted value of the survivor annuity payable to plaintiff was $30,258 on the date of decedent’s death.
It is well settled that a joint and survivor annuity is ordinarily subject to New Jersey Transfer Inheritance Tax as a transfer intended to take effect at or after the decedent’s death, within the contemplation of N.J.S.A. 54:34-1(c). Hagy v. Kelly, 135 N.J.Eq. 436, 39 A.2d 386 (Prerog. Ct. 1944); Cuthers v. Neeld, 14 N.J. 497, 103 A.2d 153 (1954). See In re Romnes’ Estate, 79 N.J. 139, 158, 398 A.2d 543 (1979). Indeed, plaintiff does not dispute this salutary principle. She contends that the Bureau’s determination is invalid because (a) the annuity being subject to federal income tax, she is thereby doubly taxed, and (b) taxation of a pension annuity issued in connection with private employment is discriminatory and unfair where pension annuities paid in connection with public employment are exempt from taxation.
Generally, double taxation of the same property in different forms, if it be in accordance with statute, is not invalid. Jersey City Light Co. v. Jersey City, 46 N.J.L. 194 (E. & A. 1884); Old Dominion C. M. & S. Co. v. State Board of Taxes, *493 91 N.J.L. 173, 103 A. 79 (E. & A. 1918); N.J. Power & Light Co. v. Denville Tp., 80 N.J.Super. 435, 442, 194 A.2d 16 (App.Div. 1963). In order to constitute double taxation in the objectionable or prohibitive sense, the same property must be taxed twice, both taxes must be imposed on the same property or subject matter, for the same purpose, by the same sovereign [1], during the same taxing period, and the taxes must be of the same kind or character. 84 C.J.S., Taxation, § 39 at 131-132. The most cursory examination of the taxes involved here impels the conclusion that there is no impermissible double taxation.
For federal income tax purposes the tax on plaintiff’s annuity arises from §§ 72 and 402 of the Internal Revenue Code which require the inclusion in gross income of annuity proceeds in excess of the employee’s contributions thereto. The tax is imposed annually on the annuity payments actually received. The New Jersey Inheritance Tax, on the other hand, is imposed upon the present value of the surviving annuitant’s right to receive the annuity payments, determined in accordance with United States Life Tables, with interest at 6% a year. N.J.S.A. 54:36-2. The two taxes are thus imposed for different purposes, by different sovereigns, for different taxing periods, and they are dissimilar in kind and character.
Plaintiff’s argument of discriminatory treatment fares no better. She argues that her annuity should be exempt from inheritance tax because annuities payable with respect to public employment, federal, state and municipal, are so exempt. N.J. S.A. 54:34-4(h), (i); N.J.A.C. 18:26-6.15. The party attacking a classification of the Legislature has the burden to show that it lacks a rational relationship to a legitimate state objective, and the classification will be sustained if it can be justified upon any reasonably conceivable state of facts. It matters not that the classification results in some inequities in practice. Taxpayers *494 Ass’n. of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6, 364 A.2d 1016 (1976), app. dism. and cert. den. 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977); Darnell v. Moorestown Tp., 167 N.J.Super. 16, 400 A.2d 492 (App.Div.1979). Cf. United States v. Kingsley, 41 N.J. 75, 194 A.2d 735 (1963) (taxation of bequest to United States held valid notwithstanding statutory exemption of bequests to State). Plaintiff has made no showing that the classification complained of, i. e., taxation of annuities arising from public employment, lacks a rational relationship to any legitimate state objective. Moreover, the circumstances justifying the classification are readily conceivable. The exemption for death benefits payable in connection with employment by the State or its political subdivisions can be viewed as encouraging such employment in the interest of improved efficiency in the operation of government in New Jersey, while exemption of death benefits arising from federal employment can be seen as a substitute for the Social Security death benefit exemption. N.J.A.C. 18:26-6.15(d). Federal employees are not covered by Social Security. 42 U.S.C.A. § 410.
Defendant’s motion for summary judgment is granted. Judgment will be entered dismissing plaintiff’s complaint.

Constitutional infirmities may also arise where different states purport to tax the same transaction. General Motors Corp. v. Washington, 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964). That issue is not involved here.