LARIO, J. T. C.
Plaintiff seeks a refund of New Jersey inheritance tax levied and paid upon the commuted value of a survivorship pension annuity payable to plaintiff. The annuity was taxed as a transfer of intangible personal property intended to take effect at or after the death of decedent under N.J.S.A. 54:34-l(c) and N.J.A.C. 18:26-5.9 and 18:26-5.19. The amount in controversy is $1,826.17. Defendant moves for summary judgment pursuant to R. 4:46-1.
The material facts are undisputed. Plaintiff is the widow of Robert G. Butzbach, who died May 21, 1979 a New Jersey resident. As an employee of E. I. DuPont DeNemours & Co. Butzbach was possessed of survivor benefits under the DuPont Pension and Retirement Plan. Decedent had no minor children or parents surviving at the time of his death. The survivor benefit at issue is a funded, contingent annuity which is payable commencing upon the death of the covered employee. In the instant case a monthly payment of $492 is paid to plaintiff which she is entitled to receive for the duration of her life. No contribution to the plan was made by decedent. Having determined that this annuity is subject to inheritance taxation, defendant computed the present value of the annuity based upon an actuarial projection of plaintiff’s life expectancy.
Plaintiff contends that (1) the above-described annuity does not fall within the purview of either N.J.A.C. 18:26-5.9 or N.J.A.C. 18:26-5.19; therefore, it is not taxable under N.J.S.A. 54:34-l(c); (2) these New Jersey Administrative Code provisions constitute an unconstitutional denial of equal protection in view of N.J.A.C. 18:26-6.14 and 18:26-6.15, which exempt pensions payable by the United States and New Jersey Governments, respectively, from inheritance taxation, and (3) inheritance taxation of the present value of the annuity conflicts with N.J.S.A. 54A:5-l(j), which presumably would operate to subject the monthly payments made to plaintiff to income taxation under the New Jersey Gross Income Tax Act, N.J.S.A. 54A:1 — 1 et seq. thereby subjecting her to double taxation.
*465 For reasons hereafter stated, I find no merit to any of plaintiff’s contentions.
The New Jersey Transfer Inheritance Tax is a privilege levy on the right to succession to property transferred by a decedent, levied on the transferee in specified cases. In re Lichtenstein’s Estate, 52 N.J. 553, 559, 247 A.2d 320 (1968). A “transfer” is defined as “the passing of property, or any interest therein, in possession or enjoyment, present or future, by distribution by statute, descent, devise, bequest, grant, deed, bargain, sale or gift.” N.J.S.A. 54:33-1.
N.J.S.A. 54:34 — 1(c) provides that “[wjhere . . . intangible personal property ... is transferred by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death,” the transfer of such property is subject to the inheritance tax. Administrative Code provisions dealing with pensions and annuities have been promulgated under this statute. The Bureau assessed plaintiff’s annuity under the provisions of this statute and N.J.A.C. 18:26-5.9 and 18:26-5.19.
N.J.A.C. 18:26-5.9 provides that proceeds of a retirement plan “payable at the date of death of a decedent to a beneficiary named by the decedent ... is deemed to be a transfer which takes effect at or after death and is as such subject to the tax.” Plaintiff claims that the annuity does not fall within the coverage of this Code provision because there is no lump sum payable at death to any beneficiary.
Presumably, plaintiff reads N.J.A.C. 18:26-5.9 as requiring such a payment with the phrase “proceeds of a profit sharing or retirement plan payable at the date of death of a decedent.. . . ” This court could not construe the provision that narrowly. The annuity became payable to plaintiff in monthly installments, upon her husband’s death. The annuity is a proceed of the DuPont retirement plan. Nothing within the regulation requires all proceeds to be paid immediately to the beneficiary upon the death of the decedent. Even if this were so, the regulation merely enumerates an inclusion under N.J.S.A. 54:34-l(c); it does not create an exclusion therefrom.
*466 N.J.A.C. 18:26 — 5.19 is more focused than N.J.A.C. 18:26-5.9, zeroing in on annuities “purchased by or vested in a decedent and made payable by him to another at or after his death... . ” Such annuities are expressly made subject to the inheritance tax. N.J.A.C. 18:26-5.19(a).[1]
Plaintiff contends that the survivor benefits which she receives are not in the form of an “annuity” within the meaning of N.J.A.C. 18:26-5.19 because her husband made no contribution toward its purchase, and no lump sum is payable at the date of death. Suffice it to say that the characterization of a benefit as an “annuity” does not depend upon its purchaser, and that it is inherent in the nature of an annuity that payments are periodic rather than in the form of a lump sum. The annuity was, by the terms of the DuPont plan, vested in plaintiff’s husband, and thus falls within the purview of N.J.A.C. 18:26-5.-19.
In sum, the annuity payable to plaintiff falls within the purview of both N.J.A.C. 18:26-5.9 and N.J.A.C. 18:26-5.19. In addition, it is well settled in the case law of this State that a survivor annuity is subject to New Jersey Inheritance Tax as a transfer intended to take effect at or after the decedent’s death within the meaning of N.J.S.A. 54:34-l(c). See, e. g., In re Romnes’ Estate, 79 N.J. 139, 158, 398 A.2d 543 (1979) (Handler, J., dissenting); Gritzmacher v. Taxation Div. Director, 2 N.J. Tax 489 (Tax Ct. 1981) (slip opinion at 2). Therefore, the inheritance tax was properly levied upon plaintiff under the terms of N.J.S.A. 54:34 — 1(c).
Plaintiff also contends that the inheritance tax as applied is invalid because double taxation results in that the monthly payments which she receives are being subjected to income *467 taxation by New Jersey under N.J.S.A. 54A:5-l(j). Finally, she argues that the tax as applied works an unconstitutional denial of equal protection in view of the inheritance tax exemptions set forth in N.J.A.C. 18:26-6.14 and N.J.A.C. 18:26-6.15 for Federal and State Government paid pensions, respectively. Both of these arguments were more than adequately addressed by Judge Crabtree of this court under substantially similar facts in Gritzmacher, and were found wanting. Gritzmacher at 492 494. Therefore, they will be herein accorded only cursory treatment.
Though the plaintiff in Gritzmacher based her double taxation claim on the fact that her annuity payments were subject to federal income tax whereas plaintiff herein refers to New Jersey Gross Income Tax, the applicable legal principles are the same. Taxation of the same property in different forms, by means of taxes of differing character, is not impermissible. N.J. Power & Light Co. v. Denville Tp., 80 N.J. Super. 435, 442, 194 A.2d 16 (App.Div. 1963); 84 C.J.S., Taxation, § 39 at 131-32. The inheritance tax is levied on the right of succession to property transferred by a decedent. Lichtenstein’s Estate, 52 N.J. at 559, 247 A.2d 320; In re Lambert’s Estate, 118 N.J. Super. 121, 125, 286 A.2d 720 (1972). It is measured by the value of the right — here, the value of the annuity at the time of transfer. This right can be valued only through an actuarial projection of the total payments likely to be made commuted to present value. The income tax is imposed upon income received, including certain annuity payments. It is clear that the taxes are different in character and are imposed upon different objects. Therefore, there is no impermissible taxation.
Plaintiff’s constitutional equal protection argument is likewise to no avail. As Judge Crabtree pointed out in Gritzmacher, the exemption for state pensions may be provided as an added compensation of state employment, and that for federal pensions may be viewed as a substitute for Social Security. (At 494.)
Defendant’s motion for summary judgment is granted. Judgment will be entered dismissing the complaint.

A recent amendment to N.J.S.A. 54:34-4 exempts from inheritance taxation pensions and annuities payable to a surviving spouse under a federally qualified plan. L. 1981, c. 152 (to be codified at N.J.S.A. 54:34 — 4(j)). However, this amendment became effective on May 22, 1981, more than two years after the death of plaintiffs husband, therefore, it is inapplicable to the case at bar.