PER CURIAM.
Plaintiff D.P.S. Acquisitions Corp. (D.P.S.) appeals from the determination of the Director of Taxation assessing sales and use tax on services rendered by D.P.S. in sweeping parking lots. D.P.S. contends that the services it provides are exempt from sales tax as “garbage removal” pursuant to N.J.S.A 54:32B-3(b)(4).
D.P.S. has a sweeper-type vehicle which suctions dirt and debris from parking lots into a container located within the vehicle. When the container is full, it is emptied into a dumpster located on the customer’s lot. D.P.S. does not remove the dumpster from the various parking lots that it services. Dirt and other debris *594 deposited into these dumpsters are removed by others to authorized waste facilities.
D.P.S. contends that the Director’s interpretation of N.J.S.A 54:32B-3(b)(4) unduly restricts the purpose of the sale and use tax exception. Stressing that it provides an integral and necessary part of the garbage removal process, D.P.S. argues that it falls within the plain meaning of the statute and therefore should qualify for the exemption from the sales and use tax levied under N.J.S.A 54:32B-3.
We reject D.P.S.’s contentions and affirm substantially on the basis of the well-reasoned written opinion of February 24, 1997 rendered by Tax Court Judge Small.
The sale and use tax exemption under N.J.S.A 54:32B-3(b)(4) for garbage removal does not apply to D.P.S.’s operation, thereby rendering them liable for sales and use tax for the services rendered during the period in question.
Affirmed.