KUSKIN, J.T.C.
In this matter plaintiff challenges an assessment of sales tax in the amount of $16,164.89, plus interest and penalty, imposed by defendant, Director of the New Jersey Division of Taxation (“Director”). The assessment resulted from an audit of plaintiffs *107 business for the period April 1, 2001 through June 30, 2004 (the “Audit Period”).[1] Plaintiff contends that: (1) during the Audit Period, he, trading as A-l Chem-Dry of North Jersey, provided carpet cleaning services to the public; (2) such services were exempt from sales tax; and (3) the assessment of sales tax should be vacated. The basis for plaintiffs exemption claim is N.J.S.A. 54:32B-3(b)(2)(iv), a provision of the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -27. Under this provision, as in effect during the Audit Period, “receipts from laundering” and from related services were not subject to sales tax.[2]
The Director acknowledges that plaintiff provided carpet cleaning services during the Audit Period. Although she initially disputed plaintiffs claim that these services were exempt from sales tax, she has acknowledged that her predecessor interpreted the term “laundering” to include carpet cleaning services. New Jersey State Tax News 136-37 (November/December 1990). Consequently, the Director no longer opposes plaintiffs exemption claim. She asserts, however, that plaintiff failed to maintain and provide records adequate to demonstrate that his business activity was limited to tax exempt carpet cleaning services, and that, in the absence of such records, she had the right to, and did, assess tax based on available information. She contends that her assessment was reasonable, and, therefore, that the assessment must be sustained under applicable statutes and regulations.
Both plaintiff and the Director have moved for partial summary judgment.[3] For the reasons set forth below, I deny plaintiffs motion and grant the Director’s motion.
*108 The undisputed factual background to the motions is as follows. Commencing in or before January 1994, plaintiff operated a Chem-Dry carpet cleaning franchise under the trade name A-l Chem-Dry of North Jersey. Plaintiff was audited by the New Jersey Division of Taxation (“Division”) for the period January 1, 1994 through December 31, 2000 (the “Previous Audit”). Based on sales invoices, general ledgers, cancelled cheeks and other documents plaintiff provided, the audit established that, in addition to providing carpet cleaning services, plaintiff sold and installed carpet, repaired carpet and rugs, replaced carpets damaged by water, and rented various types of equipment such as dehumidifiers, blowers and heaters. The auditor determined that plaintiff owed sales tax in the sum of $34,816.68 for the period covered by the Previous Audit. The auditor based this assessment exclusively on the aspects of plaintiffs business that were subject to sales tax, namely, selling carpet, repairing carpet, providing restoration service, and rental of equipment, and treated plaintiffs carpet cleaning services as exempt from tax. The audit was completed in February 2002, at which time plaintiffs accountant, who participated in the audit, agreed with the Division as to the methods employed by the auditor and as to the tax due. Plaintiff did not appeal the audit determination.
In or about October 2004, the Division commenced the audit relating to the April 1, 2001 to June 30, 2004 Audit Period that resulted in plaintiffs current appeal. The accountant who represented plaintiff in the Previous Audit also represented plaintiff in this audit. As described above, in connection with the Previous Audit both plaintiff and his accountant cooperated with the auditor and made a substantial response to the auditor’s document requests. In connection with the April 1, 2001 to June 30, 2004 audit, however, plaintiff refused to meet with the auditor, and he and his accountant made a limited response to the auditor’s two extensive requests for documents. Specifically, plaintiff and his accountant failed to provide the following requested documents relevant to sales tax liability:
1. general ledgers for the Audit Period;
2. sales journals for the Audit Period;
*109 3. sales invoices for 2001 through 2005 (except that some invoices with respect to 2001 were provided); and
4. an appointment/log book.
The sales invoices that plaintiff provided for tax year 2001 were incomplete, and the aggregate dollar amount of the invoices was less than the total receipts that plaintiff claimed for that year. Plaintiff refused to provide a copy of his franchise agreement with Chem-Dry, thereby precluding the Division from determining what percentage of gross receipts plaintiff retained under that agreement.
Because of plaintiff’s limited response to her document request, the auditor decided that plaintiffs obligations for sales tax during the Audit Period could best be determined on the basis of the findings made during the Previous Audit. The auditor used the sales tax amount of $34,816.68 determined to be due in the Previous Audit and divided that amount by 6% (the rate of sales tax in effect) to determine total taxable sales of $580,278 for the Audit Period. She then divided that amount by seven, the number of years included in the Previous Audit, and determined annual taxable sales of $82,896.85. She divided that amount by four to arrive at quarterly taxable sales of $20,724.21, and, for each of the sixteen quarters included in the period April 1, 2001 through March 30, 2005, multiplied this quarterly amount by 6% to determine a sales tax liability of $19,895.25. This amount was adjusted to $16,164.89 to take into account plaintiff’s termination of his business operations on June 30, 2004.
Although he does not dispute the above description of the records that were requested but that neither he nor his accountant supplied, plaintiff asserts, in a brief in opposition to defendant’s motion, that, in the course of discovery in connection with this appeal, he provided a “mountain of documents” establishing that, during the Audit Period, his business activities, with minor exceptions, were limited to tax exempt carpet cleaning services. Plaintiff did not submit any of these documents other than credit card receipts, copies of which were attached as an exhibit to his brief. The Director has described the other documents as consisting of bank statements, some imaged business checks, blank deposit *110 slips, and some expense invoices. Plaintiff contends that, at the very least, these documents, particularly the credit card slips, provide sufficient information to create questions of fact as to (i) whether plaintiff’s business activities during the Audit Period consisted solely (or almost solely) of carpet cleaning services exempt from sales tax and (ii) the reliability and propriety of the methodology used by the Director in imposing the sales tax assessment at issue.
Under N.J.S.A. 54:32B-24(5), the Director is empowered to require that any person obligated to collect tax
keep detailed records of all receipts ... received, charged or accrued, including those claimed lo be nontaxable, and also of the nature, type, value and amount of all purchases, sales, services rendered, ... names and addresses of customers, and other facts relevant in determining the amount of tax due and to furnish such information upon request to the director.
[N.J.S.A. 54:32B-24(5).]
Item (4) of this statute authorizes the Director to “prescribe methods” for determining the amount of a taxpayer’s receipts and for determining which of those receipts are taxable. Under N.J.S.A. 54:32B-19, if a required sales or use tax return is not filed or is insufficient, the “amount of tax due shall be determined by the director from such information as may be available. If necessary, the tax may be estimated on the basis of external indices, such as stock on hand, purchases, ... scale of rents or charges, ... number of employees or other factors.”
Pursuant to the statutory authority given to her, the Director promulgated regulations which set forth the sales and use tax record-keeping requirements of a taxpayer. Under N.J.AC. 18:24-2.3(a), a taxpayer is required to retain, for a period of four years from the date of filing of each quarterly sales and use tax report, “[a] true copy of all sales slips, invoices, receipts, statements, memoranda of price, or cash register tapes, issued to any customer by a vendor who is required to be registered pursuant to the provisions of the Sales and Use Tax Act ... and records of every purchase and purchase for lease must be [made] available for inspection and examination at any time upon demand by the Director.... ” The following additional record keeping requirements are set forth in N.J.A.C. 18:24-2.4:
*111 (a) Where summary records are maintained which show, by sales location, total receipts and taxable receipts, the vendor may dispose of individual sales slips, invoices, receipts, statements, memoranda of price, or cash register tapes, .. after the lapse of a period not less than 90 days from the last date of the most recent quarterly (or monthly) period for the filing of sales tax returns to which such individual sales documents pertain,
(b) In all instances, summary sales records as described herein shall be retained for a period of not less than four years from the last date of the quarterly (or monthly) period for the filing of sales tax returns to which summary records pertain.
IN.J.A.C. 18:24-2.4(a), (b).|
Where the taxpayer’s records are insufficient, the Director has the authority, as set forth in N.J.S.A. 54:32B-19, to make a determination of the tax due from whatever records are available. This authority is reflected in the regulations as follows:
(a) The records of a vendor may be deemed incorrect or insufficient if:
1. An evaluation of the accounting system discloses that the system does not proride adequate internal control procedures which assure the accuracy and completeness of the transactions recorded in the books and records.
2. The records are not maintained in accordance with the general outline of this chapter.
(b) If the records of a vendor are determined to be incorrect or insufficient, the return(s) filed on the basis of the information obtained from such records may be deemed to be incorrect or insufficient and the director may determine the amount of tax due the State by using any information available, whether from the vendor’s place of business or from any other source.
[.N.J.A.C. 18:24-2.15.]
Decisional law has supplemented the statutes and regulations by establishing certain principles applicable to tax audits and assessments. First, an assessment imposed by the Director is presumptively correct, and the taxpayer has the burden of overcoming the presumption. Atlantic City Transp. Co. v. Director, Div. of Taxation, 12 N.J. 130, 146, 95 A.2d 895 (1953); L & L Oil Service, Inc. v. Director, Div. of Taxation, 340 N.J.Super. 173, 183, 773 A.2d 1220 (App.Div.2001). Second, in the absence of supporting records or documentation, mere assertions by a taxpayer that the Director’s analysis or methodology is incorrect are generally insufficient to rebut the presumption.
LI]n a ease involving a challenge to a determination by the Director based on an audit of a cash business, involving only factual issues and the methods employed by the Director, ... the presumption that the Director’s assessment is correct can be rebutted only by cogent evidence that must be “definite, positive and certain in *112 quality and quantity to overcome the presumption.” That evidence must focus on the reasonableness of the underlying data used by the Director and the reasonableness of the methodology used. An “aberrant” methodology will overcome the presumption of correctness. An imperfect methodology will not.
[Yilmaz, Inc. v. Director, Div. of Taxation, 22 N.J. Tax 204, 236 (2005) (citations omitted), aff'd, 23 N.J. Tax 361 (App.Div.2007).]
In specifically affirming the foregoing evidentiary standard, the Appellate Division commented as follows:
In the absence of evidence that the amount of the assessment is “far wide of the mark,” the taxpayer cannot overcome the presumption simply by attacking the Director’s methodology____[T]he Director is given broad authority to determine the tax from any available information and, if necessary, to estimate the tax from external indices. The [Tax Court] appropriately rejected plaintiffs suggestion that the onus should he on the Director to establish that [she] used “the most reasonable means available” or “the best possible method” to estimate the taxpayer’s receipts.
[Yilmaz, Inc. v. Director, Div. of Taxation, 23 N.J. Tax 361, 366-67 (App.Div.2007) (citations omitted).]
See also TAS Lakewood, Inc. v. Director, Div. of Taxation, 19 N.J. Tax 131 (2000) (explaining the taxpayer’s burden of overcoming the presumption of correctness of an assessment by the Director and the Director’s right, in the absence of adequate records maintained by the taxpayer, to determine the tax due based upon the information available and external indices).
I find that the records provided by plaintiff were insufficient and inadequate to establish with respect to the Audit Period: (i) that plaintiffs business was limited to providing carpet cleaning services; (ii) the nature and extent of plaintiffs business operations; and (iii) the amount of sales made by plaintiff in each category of his operations. At a minimum, sales invoices or a detailed sales journal was necessary to satisfy the requirements of N.J.S.A. 54:32B-24(5) and N.J.A.C. 18:24-2.3(a), and to support plaintiffs contentions. Neither the credit card receipts attached to plaintiffs brief (without any certification from plaintiff verifying the accuracy and completeness of the receipts) nor any of the other documents that plaintiff provided in discovery are adequate to remedy the insufficiency of the records that plaintiff made available to the Division in connection with the audit. Credit card receipts are not the equivalent of sales invoices. Bank statements, deposit slips, copies of checks, and expense invoices could not *113 enable the Division to determine whether and to what extent plaintiffs business income resulted from tax exempt carpet cleaning services or from taxable sales or services.
Even if credit card receipts could be deemed equivalent to sales invoices, the receipts plaintiff provided remain inadequate, primarily because none of the receipts are dated or signed (in each signature line, the words “On File” are written in), and none identify plaintiff or his business in the blank space where the printed phrase “Service Provider” appears. Consequently, the receipts cannot and do not demonstrate when the services described in any receipt were provided or that the customer named in each receipt actually received and paid for those services.
Given the insufficient and inadequate records provided by plaintiff, I find and conclude that the Director was entitled to determine plaintiffs sales tax liability “from such information as may be available,” N.J.S.A. 54:32B-19, and that the Director’s methodology for determining the assessment of sales tax at issue was reasonable under the circumstances. Plaintiff does not challenge that methodology, but argues that his business operations during the Audit Period were different from his operations during the period covered by the Previous Audit and used by the auditor to calculate plaintiff’s sales tax liability for the Audit Period. He also argues that he provided the Director with adequate records to establish that his business was limited to exempt carpet cleaning services.
Plaintiffs accountant did not submit a certification in support of plaintiffs motion for partial summary judgment or in opposition to the Director’s motion. Plaintiff submitted a certification in support of his motion (which, as described above, was based solely on the contention, now undisputed by the Director, that carpet cleaning services were exempt from sales tax during the Audit Period). Plaintiff did not submit a certification in opposition to the Director’s motion. The only statement in plaintiffs certification that describes his business operations is the following: “A-l Chem Dry of North Jersey was in the business of providing carpet cleaning *114 services to the general public for the period in dispute.” He does not state that the carpet cleaning services were his only business.
Neither plaintiffs unsupported self-serving statement nor the records he and his accountant provided to the Division are “definite, positive and certain in quality or quantity,” Yilmaz, supra, 22 N.J. Tax at 236, and, therefore, are insufficient to overcome the presumption of correctness attaching to the Director’s assessment. For the reasons discussed above, the credit card receipts and other documents that plaintiff provided in the course of discovery did not cure the insufficiency.
In Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 540, 666 A.2d 146 (1995), our Supreme Court provided the following guideline to be used in deciding summary judgment motions:
If there exists a single, unavoidable resolution of the alleged disputed issue of fact, that issue should be considered insufficient to constitute a “genuine” issue of material fact for purposes of Rule 4:46-2. The import of our holding is that when the evidence “is so one-sided that one party must prevail as a matter of law,” the trial court should not hesitate to grant summary judgment.
[Ibid. (Citations omitted).]
In applying this guideline to the motions before me, I conclude that, here, no genuine issue of material fact exists and that the conduct of an evidentiary hearing or trial could not yield any information supportive of plaintiffs position. Plaintiff has not disputed the Director’s description of the records he supplied. If plaintiff had records available that would indicate an error or overstatement in the Director’s assessment, those records could and should have been submitted, or at least identified, in response to the Director’s summary judgment motion. No such records were presented nor has plaintiff described any additional records which he can make available. Therefore, even when construing the facts most favorably to plaintiff, as the party opposing the Director’s summary judgment motion, and according plaintiff all reasonable favorable inferences from those facts, I conclude that the “single unavoidable resolution” of the facts befoi’e me is that plaintiff has failed to demonstrate that he maintained or provided the records required by applicable statutes and regulations. Ibid. Therefore, he has not, and can not, overcome the presumption that *115 the Director’s sales tax assessment for the Audit Period was valid and correct.
Plaintiff argues that, even if his business included activities in addition to carpet cleaning, the predominant business activity was carpet cleaning and therefore his entire business operations were exempt from sales tax. In support of this argument, he cites D.P.S. Acquisition Corp. v. Director, Division of Taxation, 16 N.J. Tax 292, 300 (1997) (holding that “if ... the predominant service performed ... is not exempt from taxation, an incidental exempt use or service will not serve to exempt from [sales] taxation the entire activity or purchase”), aff'd, 17 N.J. Tax 592 (App.Div.1998). Plaintiff misses the point of the Director’s motion and ignores his failure to comply with the record-keeping requirements imposed by the statutes and regulations discussed above. If plaintiff had maintained and provided to the Division records adequate to demonstrate the nature of his business activities, then the “predominant use” or “predominant service” doctrine might be applicable. In the absence of such records, however, 1 have no ability to analyze plaintiffs business operations. In any event, such an analysis is unnecessary because the Director has the express statutory and regulatory authority to determine plaintiffs sales tax liability from the records and information available to her. The Director determined her assessment of sales tax in accordance with that authority.
Based on the preceding discussion, plaintiffs motion for partial summary judgment is denied, and the Director’s motion for partial summary judgment is granted. This ruling constitutes a final disposition of plaintiffs appeal with respect to the sales tax assessment imposed by the Director. Further proceedings will be scheduled to address plaintiffs appeal of the Director’s assessment of use tax.

 The audit and assessment initially covered the period April 1, 2001 through March 30, 2005. However, plaintiff ceased business operations on June 30, 2004, and the sales tax assessment was adjusted to that date.

W./.S.A. 54:32B-3(b)(2)(iv) was amended by L. 2006, c. 44, § 2, effective October 1, 2006, to limit the exemption for receipts from laundering and related services to receipts generated by the providing of those services to "clothing."

 The audit also resulted in an assessment of use tax. Plaintiff's appeal challenges that assessment, but the summary judgment motions are limited to the sales tax assessment, and thus seek only partial summary judgment.