FLAMINGO, J.T.C.
This is the court's opinion[1] with respect to the parties’ cross-motions for summary judgment. Claudette Lugano, (“Plaintiff’), the beneficiary of retirement benefits payable as a result of the death of Armin J. Lovi (“Decedent”) contends that no NJ Transfer Inheritance Tax (“Transfer Tax”) is payable with respect to those benefits. Director, Division of Taxation (“Director”) asserts that no exemption from tax is available to Plaintiff and she is subject to Transfer Tax as a Class “D” beneficiary. For the reasons set forth below, the court denies the Plaintiffs Motion for Summary Judgment and grants the Director’s Cross-Motion for Summary Judgment.
I. Facts
Plaintiff and Decedent lived together from at least November 16, 2003 until the death of Decedent on January 20, 2011. Prior to his death, Decedent was employed by the Federal Reserve Bank of New York (“FRB”) and was a participant in the Retirement Plan for Employees of the Federal Reserve System (the “FRS Plan”).
On November 16, 2003, when Plaintiff was sixty years old and Decedent was sixty-two, they both signed a “Federal Reserve Bank Declaration of Domestic Partnership” (“Declaration”), which was then filed with the FRB. Decedent and Plaintiff did not at any time file an Affidavit of Domestic Partnership with any local registrar of the State of New Jersey in accordance with the provisions of the Domestic Partnership Act, N.J.S.A. 26:8A-1, et seq. (the “DPA”).[2]
*54 Decedent was sixty-nine years, old at the time of his death and Plaintiff was sixty-seven. As a result of Decedent’s death, Plaintiff became entitled to benefits payable under the FRS Plan. The Executrix of the Estate filed a NJ Transfer Inheritance Tax Return Form IT-R and a New Jersey Estate Tax Return Form IT-Estate, and included the FRS Plan benefits as taxable to Plaintiff as a Class “D” beneficiary.
After an audit of the returns by the Director, Plaintiff contested the assessment of the Transfer Tax against her as a Class “D” beneficiary contending: (a) she was Decedent’s domestic partner entitled to the exemption allowable to Class “A” beneficiaries pursuant to N.J.S.A. 54:34-2(a)(1) and N.J.S.A. 54:34-4(j); and/or (b) the benefits payable to Plaintiff were benefits under a “federal government plan” and exempt from Transfer Tax pursuant to N.J.S.A. 54:34-4(h) and (i). The Director rejected both arguments; consequently, a Final Determination upholding the Transfer Tax and Estate Tax assessments was issued, resulting in the instant complaint being timely filed.* *[3]
II. Conclusions of Law

A Summary Judgment Standard

Plaintiff and defendant both contend that summary judgment is appropriate because there is no dispute as to any material fact, therefore the case should be determined as a matter of law.
Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(c). In Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523, 666 A.2d 146 (1995), *55 our Supreme Court established the standard for summary judgment as follows:
[W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
“The express import of the Brill decision was to ‘encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves.’” Howell Twp. v. Monmouth Cnty. Bd. of Taxation, 18 N.J.Tax 149, 153 (Tax 1999)(quoting Brill, supra, 142 N.J. at 541, 666 A.2d 146). This court concludes that the present matter is ripe for summary judgment. There are no issues of material fact in dispute between the parties regarding Plaintiffs claim for exemption from the Transfer Tax relative to her receipt of benefits from the FRS Plan.

B. Legal Issues

This matter concerns the Director’s refusal to grant an exemption from the Transfer Tax for payments from the FRS Plan to Plaintiff. In arguing for an exemption Plaintiff advances the theories that: (a) she should be accorded the same treatment as a surviving domestic partner under the DP A; and (b) the FRS Plan should be treated in the same manner as plans specifically granted exemption under the Transfer Tax statutes.
With respect to Plaintiffs first argument, N.J.S.A. 54:34-2(a)(1) provides that no tax is imposed on transfers to a surviving spouse or “a domestic partner as defined in Section 3 of P.L.2003, c. 246 (C.26:8A-3)” (the “DPA”). N.J.S.A. 26:8A-4 provides for the establishment of a domestic partnership between an opposite sex couple provided that they meet a number of specified requirements, including that they have each attained age sixty-two and have executed an Affidavit of Domestic Partnership and filed it *56 with the “local registrar.”[4] Domestic Partnerships established outside the State of New Jersey are also recognized provided that they are “valid under the laws of the jurisdiction under which the partnership was created----” N.J.S.A. 26:8A-6(e). The Director does not dispute the availability of the exemption from the Transfer Tax for transfers of death benefits to a domestic partner. The Director contends that the Plaintiff does not qualify for the exemption as a domestic partner.
Plaintiff maintains that the exemption from Transfer Tax allowed under N.J.S.A. 54:34-2(a)(1) is available because decedent’s employer, the FRB, is akin to a “governmental agency” and the filing of the Declaration with the FRB is substantially similar to filing the Affidavit of Domestic Partnership with a local registrar; the Declaration filed with the FRB should establish a domestic partnership formed under the laws of a “jurisdiction” requiring recognition under the DPA, N.J.S.A. 26:8A-6(e); and the filing of a document which is similar to an Affidavit of Domestic Partnership with any employer is sufficient to establish a domestic partnership. Therefore, Plaintiff asserts, she is a domestic partner who qualifies for the exemption from the Transfer Tax.
Alternatively, Plaintiff maintains that employment with the FRB is employment with the United States Government, and the FRS Plan is a federal government plan providing benefits no different than those paid by the Civil Service Retirement Act or the Plan for Retired Servicemen or the Survivor Benefit Plan, which are specifically exempt from Transfer Tax under N.J.S.A. 54:34-4(h) and (i) respectively. Thus, Plaintiff concludes the exemption from tax should be equally available to the benefits payable by the FRS Plan.
According to Plaintiff, the failure of the Director to treat the Plaintiff in the same manner as those who have complied with the DPA, and to accord the FRS Plan the same status as the “federal government plans” specifically exempted by the Transfer Tax *57 exemption statute violates Plaintiffs rights to equal protection. All of the arguments advanced by Plaintiff are rejected by the court as explained below.

C. Constitutionality of Statutes

1. General

At the outset, we note that the “power to pass upon a constitutional issue is not to be exercised lightly.” Weisbrod v. Township of Springfield, 1 N.J.Tax 583, 590 (Tax 1980). “(I)nferi- or courts should assume an act of the Legislature to be constitutional unless it so clearly conflicts with the Constitution as to leave no reasonable doubt of its defectiveness.” State v. Cannarozzi 77 N.J.Super. 236, 239, 186 A.2d 113 (App.Div.1962).
Our Supreme Court has recognized “the strong presumption in favor of constitutionality, and the traditional judicial reluctance to declare a statute void, a power to be delicately exercised----” Paul Kimball Hosp. v. Brick Twp. Hosp., 86 N.J. 429, 447, 432 A.2d 36 (1981) (citation omitted). “[C]ourts do not act as a super-legislature.” Newark Superior Officers Ass’n v. City of Newark, 98 N.J. 212, 222, 486 A.2d 305 (1985) (citing Burton v. Sills, 53 N.J. 86, 95, 248 A.2d 521 (1968), app. dis., 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 748 (1969)). Out of respect for the democratic process and in recognition of the Legislature’s status as a coequal branch, statutes under attack are “entitled to great weight by the courts.” New Jersey Sports & Exposition Auth. v. McCrane, 119 N.J.Super. 457, 474, 292 A.2d 580 (Law Div.1971), aff'd, 61 N.J. 1, 292 A.2d 545 (1972) (quoting Roe v. Kervick, 42 N.J. 191, 229-30, 199 A.2d 834 (1964)).
Every possible presumption in favor of the constitutionality of legislative action must be extended by this court. See Holster v. Board of Trustees, 59 N.J. 60, 66, 279 A.2d 798 (1971). Hence, any party who attacks a statute must demonstrate that “there is no reasonable basis for sustaining it.” McCrane, supra, 119 N.J.Super. at 476, 292 A.2d 580. Only those legislative acts that are “clearly repugnant to the Constitution” should be invalidated. Newark Superior Officers, supra, 98 N.J. at 222, 486 A.2d *58 305; accord State v. Muhammad, 145 N.J. 23, 41, 678 A.2d 164 (1996). Where a statute’s constitutionality is “fairly debatable, courts will uphold” the law. Newark Superior Officers, supra, 98 N.J. at 227, 486 A.2d 305. If “alternative interpretations of a statute are equally plausible, the view sustaining the statute’s constitutionality is favored.” City of Jersey City v. Farmer, 329 N.J.Super. 27, 38, 746 A.2d 1018 (App.Div.) (quotations omitted), certif. denied, 165 N.J. 135, 754 A.2d 1211 (2000).
“Where ‘neither ‘fundamental’ rights nor ‘suspect’ criteria for classification are implicated ... plaintiffs have the burden of demonstrating that the classification herein lacks a rational basis.” Taxpayers Ass’n of Weymouth Twp. v. Township of Weymouth, 80 N.J. 6, 39-40, 364 A.2d 1016 (1976). “Legislatures have wide discretion in passing laws that have the inevitable effect of treating some people differently from others and legislative classifications are valid unless they bear no rational relationship to a permissible state objective.” Piscataway Twp. Bd. of Ed. v. Caffiero, 86 N.J. 308, 324, 431 A.2d 799 (1981).

2. Transfer Tax exemptions for domestic partners

Plaintiff argues that the Director’s manner of “interpreting” and “applying” the Transfer Tax provisions providing exemption for transfers to domestic partners, N.J.S.A. 54:34-2a(1) and N.J.S.A. 54:34-4(j), violates Plaintiffs right to equal protection contrary to Article I of the New Jersey Constitution. Plaintiff maintains that the act of filing the Declaration with the FRB is “similar” to the requirements of the DPA and therefore the refusal of the Director to accord Plaintiff the same status as a domestic partner in full compliance with the DPA is constitutionally impermissible.
In defining the classes of beneficiaries that qualify for exemption both N.J.S.A. 54:34-2a(1) and N.J.S.A. 54:34-4(3) specifically limit the exemption to amounts payable to “a domestic partner as defined in section 3 of P.L.2003, c. 246 (C.26:8A-3).” (Emphasis added) In turn, N.J.S.A. 26:8A-3 provides that certain requirements be undertaken to establish a domestic partnership including the filing of an Affidavit of Domestic Partnership with the local registrar. If the domestic partnership was “entered into outside of this State” it must be valid under the laws of the jurisdiction *59 under which the partnership was created. N.J.S.A. 26:8A-6e.
Plaintiff concedes that the domestic partnership she formed with the Decedent was not established in accordance with the DPA. Plaintiff argues instead that Director’s application of the Transfer Tax statutes, N.J.S.A. 54:34-2(a)(1) and N.J.S.A. 54:34-4(j), by limiting eligibility for exemption only to domestic partners whose partnerships were established in accordance with the DPA is unconstitutional.
When one is deemed a domestic partner under the DPA, one acquires certain rights and obligations from that designation, one of which is the exemption from the imposition of the Transfer Tax. The relationship is similar to that of a married couple and, in fact, the DPA was adopted in order to accord same sex couples “certain rights and benefits that are accorded to married couples” N.J.S.A. 26:8A-2(d). Our Supreme Court has recognized that the right to marry remains subject to reasonable state regulation. Greenberg v. Kimmelman, 99 N.J. 552, 494 A.2d 294 (1985). State regulation has the effect of eliminating the many abuses resulting from common law marriages, and making possible the maintenance of the proper public records of marriage, In Re Silverman’s Estate, 94 N.J.Super. 189, 194, 227 A.2d 519 (App.Div.1967).
The DPA requires that individuals wishing to establish a domestic partnership execute an Affidavit which sets forth their eligibility to enter into the relationship and then file that Affidavit with the local registrar. The local registrar is then required to forward the affidavits to the State Registrar, N.J.S.A. 26:8A-8(c), who in turn is to index all affidavits in a state-wide record. N.J.S.A. 26:8A-9. The requirements of the DPA are as reasonable as requiring a marriage license prior to a marriage and are reasonably related to the State’s interest in ensuring that the parties to the relationship are eligible to enter into it, to prevent the potential claims of common law marriage and to secure the recordation of the legal relationship between the parties.[5]
*60 Thus, the court finds that the limitation of the exemption in N.J.S.A. 54:34-2(a)(1) and 54:34-4(j) to domestic partners, as defined in section 3 of P.L. 2003, c. 246 (C.26:8A-3) passes constitutional muster.

3. Exemption from, Transfer Tax under N.J.S.A. 54:34-4(h) and (i)

Plaintiff next argues that the payments from the FRS Plan should be exempt from tax under the Transfer Tax Sections N.J.S.A. 54:34-4(h) and (i) which provide for exemption for:
h. The value of any pension, annuity, retirement allowance ... payable by the Government of the United States pursuant to the Civil Service Retirement Act to a beneficiary ... (emphasis added).
i. The value of any annuity payable by the Government of the United States pursuant to the Retired Serviceman’s Family Protection Plan or the Survivor Benefit Plan to a beneficiary ... (emphasis added).
Plaintiff asserts that there is no rational purpose served by treating payments under the FRS Plan differently from payments under the Civil Service Retirement Act. In doing so, Plaintiff contends that the FRB “and the member banks’ employees are collectively an integral part of the workings of the federal government” and that the FRS Plan is “similar” to the Civil Service Retirement Plan. Thus, Plaintiff maintains, Decedent, being employed by the FRB is no different than an individual employed by the Government of the United States and that there is no rational legislative purpose in drawing a distinction between the benefits paid under the Civil Service Retirement Act and the FRS Plan.* *[6] Plaintiff concludes that the Director’s refusal to accord Plaintiff the same status as a beneficiary under the Civil Service Retirement Act violates her rights to equal protection.
As noted above, Plaintiff bears the burden of demonstrating that the classification lacks a rational basis to a legitimate state *61 objective. As noted in both Gritzmacher v. Director, Div. of Taxation, 2 N.J.Tax 489 (Tax 1981), and Butzbach v. Director, Div. of Taxation, 3 N.J.Tax 462 (Tax 1981) the exemption of death benefits arising from federal employment can be seen as a substitute for the Social Security death benefit exemption. In both eases, the court found that such a purpose was sufficient to establish a rational basis to a legitimate state objective. Plaintiff has provided nothing that would cause the court to disturb those rulings.

D. Statutory Requirements for Tax Exemptions

Having dispensed with the issue of constitutionality, the next inquiry is whether Plaintiff has complied with the statute(s) entitling her to the exemption(s) from Transfer Tax on her receipt of retirement benefits from the FRS Plan.
Statutory exemptions from taxation are a matter of legislative grace and are to be narrowly construed. See, e.g., Metpath, Inc. v. Director, Div. of Taxation, 96 N.J. 147, 152, 474 A.2d 1065 (1984); D.P.S. Acquisition Corp. v. Director, Div. of Taxation, 16 N.J.Tax 292 (Tax 1997), aff'd 17 N.J.Tax 592 (App.Div.1998). The taxpayer bears a heavy burden to prove that she meets all of the elements of the exemption. L.B.D. Construction, Inc. v. Director, Div. of Taxation, 8 N.J.Tax 338, 353 (Tax 1986).
Plaintiff has failed to meet that burden.

E. Plaintiff Did Not Qualify as a Domestic Partner Under the DP A

Plaintiff concedes she did not file an Affidavit of Domestic Partnership with the local registrar as required by the DPA Instead, Plaintiff maintains that the Declaration of Domestic Partnership filed with the FRB should be sufficient to establish a valid domestic partnership and to secure the applicable exemptions from the Transfer Tax.
The existence of a domestic partnership established according to the requirements of the FRB is not relevant here. Rather, the relevant statutory prerequisite for obtaining exemption is the qualification of Plaintiff as the domestic partner of the decedent, *62 as defined, in Section 3 of P.L.2003, c. 246 (C. 26:8A-3). N.J.S.A. 26:8A-3 defines a “Domestic partner” as a “person who is in a relationship that satisfies the definition of a domestic partnership as set forth in this act.” N.J.S.A. 26:8A-4 then goes on to detail the requirements that are necessary to establish a domestic partnership. In particular, the DPA provides that two persons “who are each 62 years of age or older and not of the same sex” may form a domestic partnership if they meet the other requirements of N.J.S.A. 26:8A-4, including the filing of an Affidavit of Domestic Partnership with the local registrar.
The uncontroverted facts are that when the Declaration was filed with the FRB, Plaintiff was only sixty years of age, an age that would disqualify her from entering into a domestic partnership under the DPA. Moreover, the Declaration was filed some eight months prior to the effective date of the DPA, i.e. at a time when the State of New Jersey did not recognize domestic partnerships of any type. The Declaration filed by Plaintiff and Decedent was never filed with the local registrar. In fact, Plaintiff concedes that the relationship was never established in accordance with the provisions of the DPA.
Plaintiff attempts to characterize the filing of the Declaration of Domestic Partnership with the FRB as qualifying the relationship under N.J.S.A. 26:8A-6(c) which provides recognition to domestic partnerships established in other jurisdictions. Plaintiff has provided no credible evidence that the FRB is a jurisdiction with “laws” under which the relationship between the Plaintiff and Decedent would qualify as a relationship recognized under N.J.S.A. 26:8A-6(c).
More to the point is that Plaintiff concedes that her relationship with Decedent was entered into only in New Jersey and, therefore, the provisions of the DPA providing recognition for domestic partnerships established in, and recognized by the laws of, another jurisdiction are inapplicable. Thus, the court need not consider the issue of whether the FRB is a “jurisdiction” or whether it has “laws” establishing domestic partnerships requiring the State’s recognition.
*63 Plaintiff further argues that the exemption afforded by the Transfer Tax is to be applied to all domestic partners “wherever and whenever their domestic partnerships was established.” However, “[I]t is well established that in construing a statute, one must first consider its plain language. [S]ueh language should be read according to its ordinary or general meaning, so long as that reading comports with the statute’s legislative intent.” Koch v. Director, Div. of Taxation, 157 N.J. 1, 7, 722 A.2d 918 (1999). To accept Plaintiffs argument would be to ignore the express language of the statutes which grant an exemption from the Transfer Tax to “a domestic partner as defined in (the Domestic Partnership Act)”, N.J.S.A. 54:34-2a(1) and N.J.S.A. 54:34-4(j).
Furthermore, the logical extension of Plaintiffs argument would be to grant domestic partnership status, and consequently exemption from the Transfer Tax, to any relationship between heterosexual couples of any age as long as they have filed any document that establishes some relationship between them with some entity that accords a domestic partnership-like status to the relationship. Plaintiffs argument could even be extended to the filing of a form with an insurance company, bank, or employer for the payment of benefits to an individual characterized as a “domestic partner” pursuant to such entities’ definition. To do so would render the DPA meaningless.
Plaintiff, having failed to satisfy the requirement that she was a domestic partner as “defined in section 3 of P.L.2003, c. 246 (C. 26:8A-3)”, is not entitled to the exemption from transfer inheritance tax set forth in N.J.S.A. 54:34-2a(1) and 54:34-4(j).

F. The Benefits Payable Under the FRS Plan are Not Exempt

Similarly, N.J.S.A. 54:34-4(h) and (i) are clear on their face and exempt only benefits payable by the Government of the United States pursuant to the “Civil Service Retirement Act” or the “Retired Serviceman’s Family Protection Plan or the Survivor Benefit Plan”. Even if the court were to accept Plaintiffs proposition that the Federal Reserve Bank is the same as the United States Government, her argument that the FRS Plan is “similar” to the Civil Service Retirement Act is irrelevant. The Statute *64 exempts benefits payable only from the Civil Service Retirement Act and not to any other Plan, similar or not.[7]
III. Conclusion
The benefits payable to Plaintiff from the FRS Plan are not exempt from the New Jersey Transfer Inheritance Tax. Plaintiff and Decedent did not establish a domestic partnership under the provisions of the Domestic Partnership Act, N.J.S.A. 26:8A-1, et seq. and the exemption accorded to a domestic partner under the NJ Transfer Inheritance Tax, N.J.S.A. 54:34-1 and 54:34-4(j), is unavailable. Furthermore, the FRS Plan is not one of the Plans referenced in N.J.S.A. 54:34-4(h) or (i) and exemption from tax is not available under those sections.
Plaintiffs motion for Summary Judgment is denied. Summary judgment is granted in favor of the Director; therefore, the matter will be dismissed. Judgment will be entered accordingly.

 This opinion was previously released as an unpublished letter opinion dated May 5, 2014.

 N.J.S.A. 26:8A-1 et seq. providing for domestic partnerships between same sex couples and certain opposite sex couples who are sixty-two years of age or *54 older became effective on July 10, 2004, some eight months after the filing of the Declaration of Domestic Partnership by Plaintiff and decedent.

 Although the assessment issued by the Division also references the NJ Estate Tax due from the Decedent’s estate, only the application of the NJ Transfer Inheritance Tax is at issue in this matter.

 The DPA further provides for the transmittal of all Affidavits of Domestic Partnerships with the State Registrar for filing and indexing State-wide. (N.J.S.A. 26:8A-8 and 9).

 There is nothing in the record to support Plaintiff's contention that the FRB indexes any of the domestic partnerships which may be filed with them or that *60 any such "indexing" in the FRB’s internal records are similar to the public registration provisions of the DPA.

 Plaintiff did not develop the argument relative to the Plan established for Retired Servicemen or their Survivors and the court does not address that part of the statute.

 Plaintiff notes that the Civil Service Retirement Act applies only to those hired prior to 1984 and that employees hired after 1984 are hired under the Federal Employees Retirement Systems Act. During argument the Director advised that the Division applies the statute as written and exempts benefits paid only under the Civil Service Retirement Act and not the successor statute.