PER CURIAM
Plaintiff Claudette A. Lugano challenges the legal conclusion of the Tax Court, which upheld the assessment by defendant Director, Division of Taxation for Transfer Inheritance Tax, due on *565 monies plaintiff received upon the death of her partner Armin J. Lovi. Plaintiff argues the judge erred in rejecting her claimed eligibility for exemption based upon a Declaration of Domestic Partnership (Declaration) she and Lovi submitted to his former employer, the Federal Reserve Bank of New York (FRB). Alternatively, plaintiff argues the FRB pension should qualify for exemption as a federal pension under N.J.S.A. 54:34-4(h). We disagree and affirm substantially for the reasons set forth in the thirteen-page opinion authored by Judge Kathi F. Fiamingo. R. 2:11 — 3(e)(1)(A). We add these comments.
Plaintiff asserts application of the equal protection doctrine requires her domestic partnership, confirmed by the Declaration, be given the same legal effect as a partnership established by an Affidavit of Domestic Partnership pursuant to New Jersey’s Domestic Partnership Act (DPA), N.J.S.A. 26:8A-1 to -13. In the context of this matter, were plaintiff correct, she would be entitled to claim an exemption from inheritance tax as a Class “A” beneficiary, N.J.S.A. 54:34-2(a)(1), rather than pay 15% tax on the sums inherited from Lovi’s estates as a Class “D” beneficiary, N.J.S.A. 54:34-2(d).[1]
The judge properly rejected plaintiffs contention, which ignores the State’s authority to regulate these legal relationships. See Lewis v. Harris, 188 N.J. 415, 435, 908 A.2d 196 (2006). The Legislature has designed specific requirements for establishing a domestic partnership, which include filing an Affidavit of Domestic Partnership. N.J.S.A. 26:8A-4. Domestic partner applicants must meet the nine requisites set forth in N.J.S.A. 26:8A-4(b), but must also file the required fee to comply with State registration, N.J.S.A. 26:8A-4(a).
Admittedly, there are similarities between the information plaintiff submitted to FRB and that required of a DPA affidavit; however, the two are not identical. Plaintiff candidly admits, when she submitted the Declaration to FRB, she could not qualify *566 under the DPA More important, once plaintiff was eligible under the DPA, she and Lovi did not file under the DPA[2]
The language of the tax exemption provisions is unambiguous. N.J.S.A. 54:34-2(a)(1) explicitly limits eligibility for the exemption to domestic partners whose partnerships were established pursuant to the DPA The statutory provisions do not include provisions for substantial compliance or relaxation of the express requirement.
Moreover, “[statutory exemptions from taxation should be strictly construed against those invoking the exemption.” Advance Hous., Inc. v. Twp. of Teaneck, 215 N.J. 549, 566, 74 A.3d 876 (2013) (citation and internal quotation marks omitted). This reflects the legislative policy to assure “ ‘the public tax burden is to be borne fairly and equitably.’ ” Ibid. (quoting Int’l Sch. Servs., Inc. v. W. Windsor Twp., 207 N.J. 3, 15, 21 A.3d 1166 (2011)). The court’s role is to effectuate legislative intent, not alter it. Morristown Assocs. v. Grant Oil Co., 220 N.J. 360, 380, 106 A.3d 1176 (2015) (“When construing a statutory provision, a court’s role is to discern and give effect to the Legislature’s intent.”).
Here, plaintiff bears the burden of satisfying the requirements for entitlement to the exemption. Advance Hous., supra, 215 N.J. at 566, 74 A.3d 876. She has not carried her burden. The statutory requirements are substantively meaningful, not merely procedural or pro forma. Because plaintiff did not meet the requirements of the DPA, she is not entitled to an exemption under N.J.S.A. 54:34-2(a)(1) as a Class A beneficiary. Simply stated, that plaintiff and Lovi were domestic partners does not deem them qualified as such under the DPA Therefore, she has no entitlement to claim state benefits defined by the law, including the inheritance tax exemption.
*567 We also reject plaintiffs contention the Declaration she submitted to the FRB qualifies under the reciprocity provision of the DPA. N.J.S.A. 26:8A-6(c) gives full faith and credit to domestic partnerships entered into in other jurisdictions. The Full Faith and Credit clause of the United States Constitution mandates “Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.” U.S. Const, art. IV, § 1. The submission to the FRB cannot be equated with another state’s act or record. Plaintiffs contrary arguments lack merit. R. 2:11 — 3(e)(1)(E).
Alternatively, plaintiff argues FRB pension benefits should be deemed benefits from a “federal pension,” entitled to exemption pursuant to N.J.S.A. 54:34-4(h). We disagree. The plain language of N.J.S.A. 54:34-4(h) does not apply to all federal pensions, but specifically to pension benefits payable to a federal employee who enrolled in the Civil Service Retirement Act. A rational basis for this exemption exists because said federal employees did not contribute to and therefore could not claim a Social Security death benefit exemption. See Butzbach v. Dir., Div. of Taxation, 3 N.J.Tax 462, 467 (Tax 1981). We reject plaintiffs arguments for the reasons set forth by Judge Fiamingo. R. 2:11-3(e)(1)(A). Any other arguments not addressed herein lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).
Affirmed.

 N.J.S.A. 54:34-4(j) also exempts from taxation the value of certain retirement plans payable to a spouse or “a domestic partner as defined in [the DPA]."

 Plaintiff's de facto domestic partnership assertion is unavailing. In the respective statutes, the Legislature has clearly defined the requirements for marriage, domestic partnership and civil union. Further, we find persuasive support in N.J.S.A. 37:1-10, reflecting the Legislature’s rejection of a "de facto” or common law marriage when parties have failed to comply with the explicit statutory requirements for licensure.